

# IN THE
# TENTH COURT OF APPEALS

—————————

## No. 10-10-00242-CV

## IN RE CHAD DAVIS

—————————

## Original Proceeding

———————————————————————————————————————

## CONCURRING OPINION

———————————————————————————————————————

Respectfully, I believe Davis made a good faith effort to comply with the certification requirement of Texas Rule of Appellate Procedure 52.3(j) and is in substantial compliance with the rule and certainly the objectives of the rule. In his response to the Court's letter noting two of the many problems with the petition, he responded by sending a letter in which he acknowledged the two deficiencies and responded that he will "correct said deficiencies," and asked that we file the documents enclosed with his letter. We did. To correct the lack of an appendix, he has provided a copy of the transmittal letter and file-marked copy of his petition for expunction, filed June 21, 2006, a fiat to set the date of the hearing, and a request for a bench warrant, and proposed form of order. Further, he attached a declaration as authorized by Texas Civil Practice and Remedies Code § 132.001, which is a procedure authorized for inmates to

use in certain situations. The procedure is expressly authorized for use in place of, among other things, a required "certification." From my review of Davis's response, I have no doubt that he intended the declaration as a substitute for the Texas Rule of Appellate Procedure 52.3(j) certification.

Further, he includes in the declaration information that is substantially in compliance with the purpose of Texas Rule of Appellate Procedure 52.3(j). Rule 52.3(j) was intended to protect the appellate practitioner from having to identify someone who could verify all factual statements in the petition by an affidavit attached to or made a part of the petition as opposed to the appendix. *See* TEX. R. APP. P. 52.3, Notes and Comments. This is now accomplished by including affidavits for the various factual allegations in the appendix and then having the person who signs the petition to simply certify that the factual allegations in the petition are supported by competent evidence included in the appendix. TEX. R. APP. P. 52.3(j), Notes and Comments.

In this instance, all we need is the petition for expunction and the sworn statement that, notwithstanding it has been on file for over four years and repeated efforts have been made to call it to the trial court's attention to get a ruling, the judge has not ruled on it. Davis has provided this in his response and declaration in lieu of an affidavit.

This Court, just last week, determined that far less than this constituted substantial compliance with the requirements for the certification of the petition for writ of mandamus. *See In re Addicks*, No. 10-10-00249-CV, letter issued Aug. 10, 2010 ("The Court sent a letter dated July 20, 2010 to Relator detailing several deficiencies in his petition. Relator has timely filed several documents that substantially cure the

deficiencies, …"). Further, because Davis substantially complied, we have all the information, verified as required or authorized, to request a response or to deny the petition. I would request a response to confirm what I believe is the reason the petition for expunction has not been acted upon by the trial court.

## MERITS REVIEW

Davis filed a petition for the expunction of records in the 361st District Court, the Honorable Judge Steve Smith presiding. Now that we have a copy of the expunction petition, it is clear that the records Davis seeks to have expunged are from a proceeding before Judge Smith when Judge Smith was judge of County Court at Law No. 1, not the 361st District Court. The petition for expunction has to be filed in the court where the proceeding to be expunged was originally filed and not the court wherein the judge now sits. Thus, Davis has filed the expunction petition in the wrong court.

Because Judge Smith has no duty to rule on an expunction motion filed in the wrong court, and at best all he could do is dismiss the improperly-filed proceeding, I concur in the Court's denial of Davis's petition for writ of mandamus, but not the reasoning thereof. Accordingly, while it may be the best practice for the trial court judge to promptly dismiss a petition for expunction when it is filed with the wrong court, I can concur in the denial of the petition.

TOM GRAY
Chief Justice

Concurring opinion delivered and filed August 25, 2010